UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TONY HARRIS,

        Plaintiff,

v.                                                   Case No. 17-cv-408-pp

WEST ALLIS POLICE DEPARTMENT,
and SGT. BARWICK,

        Defendants.

---

**ORDER REQUIRING THE PLAINTIFF TO FILE AN AMENDED COMPLAINT BY JUNE 15, 2018 OR FACE DISMISSAL**

---

On March 21, 2017, the plaintiff, who is representing himself, filed a complaint against the West Allis Police Department and Sgt. Barwick. Dkt. No. 1. At the same time, the plaintiff filed a motion for leave to proceed without the prepayment of the filing fee. Dkt. No. 2. The court will hold the plaintiff's motion to proceed without prepayment of the filing fee in abeyance, and will require that by June 15, 2018, the plaintiff must file an amended complaint, more fully explaining the factual basis for his complaint.

**I.**     **Plaintiff's Motion for Leave to Proceed Without Prepayment of the Filing Fee (Dkt. No. 2)**

The court may allow a plaintiff to proceed in an action without prepaying fees if two conditions are met: (1) the plaintiff is unable to pay the filing fee; and (2) the complaint is not frivolous nor malicious, does not fail to state a claim on which relief may be granted, and does not seek monetary relief

1

against a defendant that is immune from such relief. 28 U.S.C. §§1915(a) and (e)(2).

The plaintiff states that he does not work and is not married. Dkt. No. 2 at 1. Although he receives $733 per month in Social Security benefits, his monthly expenses total $575. The plaintiff does not own a home or a car, or have a bank account or any property of value. The court concludes that the plaintiff is unable to pay the filing fees and costs associated with the case, so the plaintiff has met the financial requirements of §1915(a).

Section 1915(e)(2)(B) requires a court to dismiss a case at any time if the court determines that it "(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." The district court screens any complaint filed by a self-represented plaintiff (who requests relief from the filing fee) to determine whether the plaintiff may proceed under this standard.

For the purposes of §1915(e)(2)(B)(i), the complaint is frivolous if there is no arguable basis for relief in law or fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989). The standards for deciding whether to dismiss a case for failure to state a claim under §1915(e)(2)(B)(ii) are the same as those for reviewing claims under Federal Rule of Civil Procedure 12(b)(6). DeWalt v. Carter, 224 F.3d 607, 611-12 (7th Cir. 2000). To survive dismissal, the complaint must contain enough "[f]actual allegations . . . to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Although a complaint

need not contain "detailed factual allegations," a complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). "In evaluating whether a plaintiff's complaint fails to state a claim, a court must take the plaintiff's factual allegations as true and draw all reasonable inferences in his favor." DeWalt, 224 F.3d at 612.

The plaintiff's complaint does not provide the defendants with sufficient notice as to what each defendant did or where and when it happened, and it does not give the court enough information to decide whether the plaintiff has stated a claim that is frivolous, or for which a federal court can grant relief. The plaintiff's entire statement of his claim is this:

> West Allis, Dept.
> Broke Jaw
> Aurora St. Luke's Medical
> I did not receive proper medical treatment 3-15 to 3-16
> West Allis, Dept.
> 3-17 – 3-18

Dkt. No. 2. He seeks an "award of money, also stop putting hands on me (people, human beings)." Dkt. No. 1 at 4. The plaintiff attached to the complaint a March 16, 2017 referral memo from the West Allis Police Department, requiring him to report to that department on March 22, 2017 between 7:00 a.m. and 3:00 p.m. for "mugging + fingerprints." Dkt. No. 1-1. He also attached an Order In Memo from the same police department, bearing the date of March 23, 2017 and the time of 1:30 p.m., and listing the appearance location as the Milwaukee County Safety Building, Room 221. Id.

The plaintiff does not say who broke his jaw, or how. He does not say who prevented him from getting proper medical treatment. He does not say how either the West Allis Police Department or Sgt. Barwick broke the law, or violated his rights.

The court will give the plaintiff an opportunity to amend his complaint. The court is sending the plaintiff a blank complaint form. He should write the word "Amended" next to the word "Complaint" at the top of the first page. He should put the case number—17-cv-408—in the space where it says "Case Number:" on the first page. He should name all of the people or organizations who he believes violated the law or his rights under "Full name of defendant(s)." If he does not know the name of someone who he thinks broke the law or violated his rights, he can refer to that person as "John Doe" or "Jane Doe" for now. In the "Statement of Claim" section on the next page, the plaintiff should give a short explanation—in sentences—of what each person or organization did to him. An example might be, "Police Officer Smith punched me in the face for no reason while I was standing on the sidewalk, and he broke my jaw." That would be a short explanation of what Officer Smith did.

If the plaintiff files an amended complaint in time for the court to receive it by the end of the day on June 15, 2018, the court will screen it. If the court does not receive an amended complaint by the deadline below, the court will dismiss the case on the next business day without further notice or hearing.

## II. Conclusion

The court **ORDERS** that if the plaintiff wants to proceed with this case, he shall file an amended complaint in time for the court to receive it on or before **June 15, 2018**. The amended complaint must provide the information the court described above. If the court does not receive the amended complaint by the end of the day on June 15, 2018, the court will dismiss the case without prejudice, without further notice or hearing.

Dated in Milwaukee, Wisconsin this 14th day of May, 2018.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**